IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ASHLEY BONNEY**                                                                          **PLAINTIFF**

**VS.**                                       **Civil Action No.: 1:25cv380 TBM-RPM**

**MIDLAND CREDIT MANAGEMENT, INC.**                                 **DEFENDANT**

## COMPLAINT – Jury Trial Demanded

COMES NOW, the Plaintiff, Ashley Bonney ("Plaintiff") by and through undersigned counsel and files this Complaint against the Defendant for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq* ("the FDCPA").

### PARTIES

1. Plaintiff is an adult individual and a resident of Harrison County, Mississippi.

2. Plaintiff is a "Consumer" as defined by the FDCPA.

3. Midland Credit Management, Inc. ("MCM") is a Kansas, for profit corporation, registered to conduct business in this state.

4. MCM may be served with process by certified mail delivered to its registered agent, Corporation Service Company at 109 Executive Drive, Suite 3, Madison, MS 39110.

5. MCM is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) as it uses the instrumentalities of interstate commerce, including the U.S. mail and the internet, in its business which is the collection of debts.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 15 U.S.C. §1692, 15 U.S.C. §1681p, and 28 U.S.C. §§1331, 1337 and 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## FACTS

8. On or about October 6, 2014, Plaintiff opened a credit card account with Capital One Bank ("the Account".

9. At some point, the Account was closed, leaving the Plaintiff owing a balance of $1,835.30.

10. Capital One Bank retained Client Services, Inc., a debt collector, to assist with collection of the balance due under the Account.

11. In April 2021, Client Services Inc. and Plaintiff entered into an agreement to settle the account for the total of $1,003.00. A copy of this settlement agreement is attached as Exhibit A.

12. Plaintiff complied with the conditions of the settlement agreement and received confirmation from Client Services, Inc. that the amount of $1,003.00 was successfully received. A copy of the "Settled in Full Notice" dated April 5, 2021 is attached as Exhibit B.

13. According to records obtained from MCM prior to the filing of this suit, Capital One Bank's records reflect the last payment amount of $1,003.00 received on April 5, 2021. A copy of this data summary is attached as Exhibit C.

14. Despite the settlement of the account, Capital One Bank purportedly assigned the Account to MCM on or about October 25, 2021.

15. On August 22, 2023, MCM filed a suit against the Plaintiff in the Justice Court of Harrison County, Mississippi for the sum of $1,835.30 plus $91 court costs.

16. The paperwork submitted to the Justice Court contained the data summary, reflecting a payment of $1,003.00 on April 5, 2021.

17. Despite the reflection of the payment, no credit was given to the balance owed and MCM demanded payment of the full, pre-settled amount of $1,835.30.

18. Plaintiff appeared in Justice Court and provided evidence of the settlement and of the payment of $1,003.00.

19. MCM requested and obtained a continuance of the Justice Court trial setting.

20. At the second court setting, Plaintiff again appeared and provided evidence of the settlement with Client Services, Inc.

21. MCM again requested and obtained a continuance of the second Justice Court trial setting.

22. At the third trial setting, Plaintiff was unable to attend for fear of losing her job.

23. MCM submitted false information to the Justice Court regarding the account and obtained a default judgment against the Plaintiff.

24. Plaintiff was unaware of the default judgment and assumed that – because she had previously submitted evidence of payment – that the Justice Court would dismiss the case.

25. The actions of MCM in prosecuting a frivolous suit against the Plaintiff have caused the Plaintiff to incur actual monetary damages due to her time in preparing for trial and due to the fact that she had to take time off from work to attend two trial dates where MCM was unprepared to prosecute the case.

26. Plaintiff has been harmed by MCM's actions in obtaining a default judgment through false pretenses.

27. Pursuant to its fraudulently obtained judgment, MCM obtained a writ of garnishment to pursue the full amount of the judgment.

28. MCM has garnished more than $2,000.00 from Plaintiff's wages pursuant to its fraudulently obtained judgment.

29. MCM knew or had reason to know that the allegations submitted to the Justice Court were false.

30. The Justice Court judgment is *void ab initio* due to fraud by MCM.

## Count I: MCM violated the FDCPA

31. The Plaintiff realleges each of the foregoing paragraphs of the Complaint.

32. By submitting false information to the Justice Court, MCM violated §1692e of the FDCPA which prohibits a debt collector from using false or misleading information in connection with the collection of any debt.

33. Prior to filing suit, Plaintiff requested that MCM release the garnishment and set aside its fraudulently obtained judgment.

34. MCM has failed to release the garnishment.

35. MCM has failed to set aside its fraudulently obtained judgment.

36. MCM's actions in attempting to collect a previously settled debt are in violation of §1692f of the FDCPA.

37. MCM's refusal to release the garnishment and set aside the judgment are in violation of the FDCPA.

38. MCM continues to violate §1692f, §1692f(1) and §1692f(6) of the FDCPA by continuing to collect on a debt that was previously settled.

39. Plaintiff has suffered actual financial damages as a result of MCM's violations of the FDCPA including attorneys' fees.

40. Plaintiff suffered emotional distress and mental anguish as a result of MCM's violations of the FDCPA.

41. As a result of the above violations of the FDCPA, MCM is liable to Plaintiff for actual damages, statutory damages up to $1,000.00 to plaintiff, and attorney's fees pursuant to 15 U.S.C. §1692k.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff having set forth her claims against the Defendant, requests this Court to enter a judgment finding that the Defendant is liable to the Plaintiff in a sum to be determined by a jury to be proper compensation for its violations of the FDCPA, the sum of $1,000.00 in FDCPA statutory damages, and all reasonable legal fees and expenses incurred by her attorney as required by the FDCPA.

The Plaintiff further requests that this Court grant any such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

                        Ashley Bonney

By Counsel:   /s/Michael T. Ramsey
                    Michael T. Ramsey, MSB #104978
                    SHEEHAN & RAMSEY, PLLC
                    429 Porter Avenue
                    Ocean Springs, MS 39564
                    MS Bar No. 104978
                    (228) 875-0572 Fax: (228) 875-0895
                    Mike@sheehanramsey.com